In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00106-CV


______________________________




IN THE INTEREST OF R. W., II, K. W.,


C. W., AND J. S., CHILDREN




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 05-0591




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 April Tripp has filed an appeal from the termination of her parental right to R.W.,II, K. W.,
C. W., and J. S. We have now reviewed the clerk's record. Section 263.405(b) of the Texas Family
Code requires an appellant to file, not later than the fifteenth day after a final order is signed, a
statement "of the point or points on which the party intends to appeal." Tex. Fam. Code Ann.
§ 263.405(b) (Vernon Supp. 2006). The Legislature added a new subsection, effective for appeals
filed after September 1, 2005, which provides that the "appellate court may not consider any issue
that was not specifically presented to the trial court in a timely filed statement of the points on which
the party intends to appeal . . . ." Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2006). Here,
the order of termination was signed October 17, 2006, and the notice of appeal was deemed filed on
that same day. (1) 

 The clerk's record contains no statement of points to be raised on appeal. We have contacted
the district clerk's office, and no such statement, either standing alone or with a motion for new trial,
exists. The statute does not terminate our jurisdiction over the appeal. However, in a situation such
as this, where no statement of points exists, under the express terms of the statute, there is no
contention of error that can be raised that we may consider on appeal. (2) 

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: November 21, 2006

Date Decided: November 22, 2006

1. The original order of termination was signed September 29, 2006. The trial court signed an
order of termination nun pro tunc October 17, 2006. Since the trial court signed the order nunc pro
tunc within its plenary power, the date the nunc pro tunc order was signed is the date from which a
relevant appellate time period will run. See Tex. R. App. P. 4.3(a). The notice of appeal was
technically filed September 28, 2006. However, the Rules of Appellate Procedure provide that a
prematurely-filed notice is deemed "filed on the day of, but after, the event that begins the period for
perfecting the appeal." See Tex. R. App. P. 27.1. Therefore, we treat the notice of appeal as filed
October 17, 2006.
2. We again note that our sister court in Fort Worth and Justice Vance at the court of appeals
in Waco have questioned the practical applications and constitutionality of this statute. See In re
D.A.R., No. 2-06-043-CV, 2006 Tex. App. LEXIS 7063 (Tex. App.--Fort Worth Aug. 10, 2006, no
pet.); In re E.A.R., No. 10-06-00037-CV, 2006 Tex. App. LEXIS 5092, at *3 (Tex. App.--Waco
June 14, 2006, no pet.) (Vance, J., concurring).


 'Times New Roman', serif">Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            A jury convicted Germaine Saxon Staten of burglary of a vehicle, a Class A misdemeanor
offense. The trial court sentenced Staten to 120 days in the county jail and a $100.00 fine. Staten
raises two issues on appeal arguing that there is legally and factually insufficient evidence to support
the jury's verdict. We affirm the judgment of the trial court.
            Around two o'clock a.m. on September 11, 2002, Officer Randy Gray, Sergeant Perry
Sandlin, and Lieutenant Richard Bench of the Greenville Police Department responded to a report
of two suspicious men who had been looking in vehicles at the Watergate Apartments and had
crossed the street to the Best Western parking lot. On arrival, Lieutenant Bench noticed two men
standing next to a pickup truck. Lieutenant Bench temporarily detained the two men until
Officer Gray and Sergeant Sandlin arrived. The two suspects were eventually identified at Jason
Colbert and Germaine Saxon Staten. 
            Lieutenant Bench then checked the nearby vehicles and noticed the latch on the back sliding
glass window of the pickup had been broken. The officers patted down Colbert and Staten. 
Officer Gray and Sergeant Sandlin searched the contents of the pockets of the suspects. Officer Gray
removed the contents from Staten's pockets and found a watch and a cap. The officers contacted
Mark Tubbs, the owner of the pickup, and were informed the latch had been previously broken and
nothing was missing. Within a few minutes, Tubbs returned and reported that a watch with a broken
band and a welding cap were missing. At that time, the police had suspects in custody. Tubbs
identified the objects found in Staten's possession as his watch and welding cap. 
            Staten contends the evidence is both legally and factually insufficient to support the jury's
verdict. Staten argues the State failed to prove he ever entered the complainant's truck, prove when
the property in question was removed from the truck, or disprove that Staten received the property
from Colbert. A person commits the offense of burglary of a vehicle "if, without the effective
consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit
any felony or theft." Tex. Pen. Code Ann. § 30.04 (Vernon 2003). Evidence that an accused
exercised control over property without the consent of the owner, intending to deprive him or her
of it, is sufficient to prove theft. Chavez v. State, 843 S.W.2d 586, 588 (Tex. Crim. App. 1992). 
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1,
7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
            In contrast to legal sufficiency, a factual sufficiency review dictates that the evidence be
viewed in a neutral light, favoring neither party. Johnson, 23 S.W.3d at 7. In determining the factual
sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a
neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong, or so weak as to be clearly wrong or manifestly unjust. Id. 
However, "[t]he court's evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony." Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).
            When there is independent evidence of a burglary, the unexplained personal possession of
recently stolen property will support an inference of guilt of the offense in which the property was
stolen. Taylor v. State, 921 S.W.2d 740, 744 (Tex. App.‒El Paso 1996, no pet.); Buchanan v. State,
780 S.W.2d 467, 469 (Tex. App.‒Dallas 1989, pet. ref'd); see Havard v. State, 972 S.W.2d 200, 201
(Tex. App.‒Beaumont 1998, no pet.); see also Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim.
App. 1983). The defendant must be found in possession of recently stolen property and fail to make
a reasonable explanation at the time of the arrest to give rise to the inference. Hardesty, 656 S.W.2d
at 76. The inference created is a "permissible inference," not a "true presumption." Id. "[T]he
deduction of guilt drawn from a defendant's recent and unexplained possession of stolen property
is merely a circumstance of guilt and is not conclusive." Id. at 77. The sufficiency of the evidence,
viewed as a whole, must still be examined under the applicable standards of appellate review. Id.;
Buchanan, 780 S.W.2d at 471. 
            Tubbs testified the watch and welding cap were missing from his truck and he did not give
anyone permission to enter his vehicle. The testimony of Tubbs that the items were missing from
his truck is sufficient to establish independent evidence of burglary. The statement indicates that,
at some point, a burglary of the vehicle occurred. While Officer Gray's police report stated the items
had been found in Colbert's pockets, Officer Gray testified this was a typographical error.


 Officer
Gray testified that he had "no doubt whatsoever" that the cap and watch were in Staten's pocket. 
Because Staten was found in possession of the stolen goods and failed to provide a reasonable
explanation at the time of the arrest, a permissible inference arose that he committed the offense of
burglary of a vehicle.
            Staten first argues there is no evidence he entered the truck, stating that no statements,
confessions, or physical evidence placed him inside Tubbs' truck. The State must prove that the
defendant entered the vehicle in question. Griffin v. State, 815 S.W.2d 576, 577 (Tex. Crim. App.
1991) (theft of a hubcap and tire attached to the outside of the car was not an entry of a vehicle);
compare with Hopkins v. State, 864 S.W.2d 119, 120 (Tex. App.‒Houston [14th Dist.] 1993, pet.
ref'd) (breaking the plane created by the side of the pickup truck and the ladder rack was sufficient
to constitute entry). There is independent evidence from Tubbs that the items were missing from his
truck. Staten was found to be in possession of the items in close proximity to the truck. In order for
the items to be in Staten's possession, an entry must have been made into the truck. Due to the
inference that he is guilty of the offense of burglary of a vehicle by being in possession of the
recently stolen goods and the fact that the police discovered him in close proximity to the truck, a
rational juror could have concluded beyond a reasonable doubt that he entered the truck. The great
weight of the evidence neither indicates that Staten never entered the truck, nor is the evidence so
weak as to be manifestly unjust. 
            Next, Staten argues the State failed to prove that the complainant's truck was entered or that
the property was even in the complainant's truck on that date. While Tubbs testified he did not recall
whether he had driven the truck on the 10th, he testified that the items had been in his truck on the
night of the 10th. Viewed in the light most favorable to the prosecution, a rational juror could have
found the items were stolen the same night the defendant was arrested. When asked on cross-examination whether it was possible that he "rode to work with [his] friends and [his] truck stayed
in the Best Western parking lot throughout the day of the 10th and the evening of the 11th," Tubbs
testified that "[i]t's possible." Viewed in a neutral light, the conclusion that the theft occurred
recently is not against the great weight of the evidence or so weak as to be manifestly unjust. 
Considering that Staten was found beside the truck with the items, a reasonable inference would be
that the burglary recently occurred. 
            Last, Staten argues the State failed to prove he did not receive the goods from Colbert. In
addition, Staten argues the State failed to prove he knew the items had been stolen. Staten contends
that, if he had received the items from Colbert not knowing they were stolen, then he would not be
guilty. If a defendant makes an explanation for the possession of the property when arrested, the
burden shifts to the State to disprove the explanation. See Hood v. State, 860 S.W.2d 931, 937 (Tex.
App.‒Texarkana 1993, no pet.). However, Staten did not provide any explanation for why he had
the stolen goods until the punishment phase of the trial. The explanation must be given when
arrested or the possession is first called into question. Hardesty, 656 S.W.2d at 76; Hood, 860
S.W.2d at 937. If Staten had raised this explanation at the time of arrest, the State would have been
required to disprove it; but, since no explanation was given for possession of stolen property, the
permissible inference arose that Staten committed the crime. A rational juror, based on this
inference, could have concluded beyond a reasonable doubt that Staten, not Colbert, committed the
burglary of the vehicle. The great weight of the evidence does not indicate that Colbert committed
the burglary in question.
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 13, 2003
Date Decided:             November 14, 2003

Do Not Publish